UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PIERCE DON LEE FOLKERTS,

Plaintiff,

v. Case No. 26-cv-1810-bhl

TODD DELAIN, A. KOLATA,
ADAM SCHUTZ, G. FOSS,
BRADLEY VETSCH,
KAPLAN GERDMANN,
C. PELISCHEK, M. ANDERSON,
B. LAURENT, K. MORRIS,
JOSHUA LAURIN, EMILY HOERTER,
CHARLES NELSON, and
JANE DOE NURSES 1-6,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Pierce Don Lee Folkerts, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Brown County Jail. This matter comes before the Court on Folkerts' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Folkerts has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Folkerts has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $15.52. Folkerts' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Folkerts, in 2023 he was shot twice in the knee while attempting to flee the police. He asserts that he had reconstructive knee surgery and spent a week in the hospital before being transferred to the Brown County Jail. Folkerts states that the orthopedic surgeon prescribed pain medication and range of motion (ROM) exercises twice per day for twelve weeks to be performed by nursing staff. Folkerts alleges that nursing staff failed or refused to do the ROM therapy. Sometimes they would claim that they did not know how to do it, sometimes they would

do it in an overly aggressive way, and sometimes they simply wouldn't do it. According to Folkerts, the lack of ROM therapy caused him months of excruciating pain and compromised the mobility of his knee. Folkerts asserts that "based on information and belief," Defendants conspired against his efforts to receive the prescribed treatment.

Folkerts also alleges that Defendants abused the grievance system. While he acknowledges some of his grievances were affirmed, he asserts that others were denied as unsubstantiated or only tacitly affirmed.

**THE COURT'S ANALYSIS**

Folkerts was a convicted prisoner awaiting a revocation hearing. Accordingly, his medical care claims arise under the Eighth Amendment,[1] which, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id.* (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). With the foregoing standard in mind, the Court will allow Folkerts to proceed on a medical care claim against the Jane Doe nurses who allegedly failed to follow the orthopedic surgeon's orders that Folkerts receive ROM therapy twice per week for twelve weeks.

Folkerts does not, however, state a conspiracy claim against the nurses. To state a claim of conspiracy, a plaintiff must allege facts that plausibly suggest an agreement among the defendants to achieve a common purpose of violating his constitutional rights. *See Owens v. Evans*, 878 F.3d 559, 565 (7th Cir. 2017). Folkerts does not allege facts suggesting Defendants communicated with one another, let alone that they reached an agreement to violate his rights. Under Rule 8, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

[1] The Fourteenth Amendment applies to claims brought by pretrial detainees, and the Eighth Amendment applies to claims brought by convicted prisoners. *See Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017). A convicted prisoner is not entitled to the more lenient standard under the Fourteenth Amendment simply because he may have committed additional crimes.

Nor does Folkerts state a claim against corrections staff for failing to resolve his grievances to his liking. Corrections staff did not ignore Folkerts' grievances. To the contrary, the complaint suggests that his concerns were investigated and addressed. The mere fact that Folkerts did not agree with some of the decisions on his grievances does not support a constitutional claim. *See Burks v. Raemisch*, 555 F.3d 592, 594-95 (7th Cir. 2009).

Folkerts also fails to state a claim against Sheriff Todd Delain, who he sues because he is "responsible for the overall operation" of the jail, and Nurse Manager A. Kolata, who he sues because she "is legally responsible for the health and medical treatment of and provider for all inmates/detainees" at the jail. The doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992. Nothing in the complaint suggests that either Sheriff Delaine or Kolata was personally involved in providing Folkerts with the prescribed ROM therapy, and the mere fact that they may have supervised those who were involved is insufficient to hold them liable.

Finally, Folkerts does not state a claim against the officers he names in the caption of his complaint. Section 1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that a plaintiff must include allegations that connect the person he is suing to the alleged misconduct. *Id.* The complaint is silent regarding what Folkerts believes each officer did or did not do to violate his rights. He therefore fails to state a claim against them.

Because Folkerts does not know the names of the nurses who allegedly failed to provide him with the prescribed ROM therapy, the Court will leave Sheriff Delain as a Defendant for the limited purpose of helping Folkerts learn their names. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Delain does not have to respond to the complaint. After his lawyer files an appearance in this case, Folkerts may serve discovery upon Sheriff Delain (by mailing his requests to his lawyer at the address in the notice of appearance) to get information that will help him learn the names of the Jane Doe Nurses.

For example, Folkerts may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Folkerts does not state a claim against Sheriff Delain, his discovery requests must be limited to information or documents that will help him learn the names of the nurses allegedly responsible for violating his rights. Folkerts may not ask Sheriff Delain about any other topic, and Sheriff Delain is under no obligation to respond to requests about any other topic.

After Folkerts learns the names of the nurses, he must file a motion to replace their names for the Jane Does placeholder. The Court will dismiss Sheriff Delain as a Defendant once Folkerts identifies the nurses. After the Defendants have an opportunity to respond to the complaint, the Court will set a deadline for discovery. At that point, Folkerts may use discovery to get the information he believes he needs to prove his claims.

Folkerts must identify the names of the nurses within ninety days of Sheriff Delain's lawyer appearing. If he does not or does not explain why he is unable to do so by the deadline, the Court may dismiss this case based on Folkerts' failure to comply with the Court's order and to diligently pursue this action. *See* Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Folkerts' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Folkerts fails to state a claim against Todd Delain, A. Kolata, Adam Schutz, G. Foss, Bradley Vetsch, Kaplan Gerdmann, C. Pelischek, M. Anderson, B. Laurent, K. Morris, Joshua Laurin, Emily Hoerter, and Charles Nelson. Accordingly, the clerk's office is directed to terminate them from this action. The clerk's office may leave Todd Delain as a Defendant for the limited purpose of helping Folkerts identify the names of the Jane Doe Nurses.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order on Sheriff Todd Delain under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for either the Court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The Court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Sheriff Todd Delain does not have to respond to the complaint; however, he must respond to discovery requests as described in this order.

**IT IS FURTHER ORDERED** that Folkerts must identify the names of the Jane Doe Nurses within ninety days of Sherrif Todd Delain's lawyer filing an appearing in the case. If he does not or does not explain why he is unable to do so, the Court may dismiss this case based on his failure to comply with this order and to diligently pursue it. *See* Civil L. R. 41(c).

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Folkerts is located.

**IT IS FURTHER ORDERED** that the agency having custody of Folkerts shall collect from his institution trust account the $334.48 balance of the filing fee by collecting monthly payments from Folkerts' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Folkerts is transferred to another institution, the transferring institution shall forward a copy of this Order along with Folkerts' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Folkerts is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Folkerts may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 12th day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge